UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAHRNER-MILLER ASSOCIATES, INC., <br><br> Plaintiff, <br> v. <br> MARS ANTENNAS & RF SYSTEMS, LTD., et al., <br><br> Defendants. | Case No. 5:14-cv-03668-PSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> **(Re: Docket No. 13)** |

For several years, Plaintiff Fahrner-Miller Associates, Inc. promoted and sold antennas made by Defendant Mars Antennas & RF Systems, Ltd. under a written agreement.  Unhappy that it was not paid commissions that it says the agreement requires, FMA filed this suit against Mars. Among other claims, FMA alleges that in stiffing FMA on the commissions, Mars violated California's Independent Wholesale Sales Representatives Contractual Relations Act ("IWSRA"). Although FMA filed its suit in California, Mars now seeks to dismiss the case on the grounds of forum non conveniens.  Put more simply, Mars says if this case belongs in any jurisdiction, it belongs in Israel, not here.  After considering the parties' arguments, both in their papers and at a hearing on the subject, the court agrees.

**I.**

Mars develops and makes antennas for all sorts of applications, including cellular repeaters and military systems. To promote and sell its antennas, Mars relies on wholesalers in various jurisdictions, including this one, paying the wholesalers by way of commissions. In 2006, Mars retained FMA as one such wholesaler, and the parties entered into an agreement that provided that "[a]ny litigation resulting from this agreement may take place only in a court of competent jurisdiction situated in Israel."[1]

Over time, FMA worked to promote Mars and its antennas, but was not paid commissions amounting to over $100,000. To recover the sums due, FMA sued Mars in Santa Clara Superior Court. FMA alleged that Mars not only violated the IWSRA but also breached the agreement and committed fraud. FMA seeks actual and treble damages, along with attorneys' fees. Mars removed the case here and then filed its motion to dismiss.

**II.**

This court has jurisdiction under 28 U.S.C. §§ 1332. The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

**III.**

A mandatory forum selection clause must be enforced unless the party resisting the clause can show (1) its incorporation into the contract was the result of fraud, undue influence, or overwhelming bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.[2] None of these exceptions applies to the mandatory clause presented here.

---

[1] Docket No. 20-1, Sec. 13.1.

[2] *See M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15-17 (1972).

2
Case No. 5:14-cv-03668-PSG
ORDER GRANTING MOTION TO DISMISS

*First*, there is no serious question that the clause here is mandatory. The parties agreed that "[a]ny litigation resulting from this agreement may take place only in a court of competent jurisdiction situated in Israel." FMA's stress on the permissive quality of the word "may" borders on the frivolous. It is true that "may" can be permissive.[3] But not when it is followed just three words later by "only." To find that the parties required that litigation may be filed "only" in Israel would ignore the "cardinal principle" of contract interpretation that "a document should be read to give effect to all its provisions and to render them consistent with each other."[4]

*Second*, FMA does not even argue that the forum selection clause resulted from any fraud, undue influence or overwhelming bargaining power.

*Third*, FMA can hardly complain about being denied its day in court when it freely chose to commit all disputes surrounding the agreement to adjudication in Israel. As the Supreme Court explained in *Atlantic Marine Construction Co. v. Western District of Texas*, "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises."[5] The Court further explained that "[o]nly that initial choice deserves deference" such that a plaintiff "waive[s] the right to challenge the preselected forum as inconvenient or less convenient for [itself] or [its] witnesses."[6] Even if such deference were not required, this is not a situation like that presented in *Peterson v. Boeing Co.*, in which a former

---

[3] *See, e.g.*, *Pub. Util. Dist. 2 v. Ill. Emp'rs Ins.*, Case No. 93-cv-01171, 1994 U.S. Dist. LEXIS 742, at *8-9 (9th Cir. 1994); *Cardoso v. FPB Bank*, 879 So. 2d 1247, 1249 (S.D. Fla. 2004); Garner, *Black's Law Dictionary*, (8th ed.) at 1000.

[4] *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63 (1995); *see also Homen v. M/V SCM Tepuy II*, Case No. 05-cv-61626, 2006 U.S. Dist. LEXIS 95968, at *8 (S.D. Fla. Sept. 26, 2006) ("While the clause uses the permissive word 'may,' it also utilizes the word 'only' which clearly connotes exclusivity in favor of a court in Norway.").

[5] *Id*.

[6] 134 S. Ct. 568, 581-82 (2013).

3

Case No. 5:14-cv-03668-PSG
ORDER GRANTING MOTION TO DISMISS

employee produced findings by the State Department that the pre-selected jurisdiction "was not independent and . . . the judiciary was subject to influence by power individuals within the executive or legislative branch."[7]  Courts in this country have long recognized that the Israeli courts are more than capable of fairly adjudicating disputes like this one.[8]

*Finally*, FMA fails to show how enforcing the forum selection clause would violate any public policy.  In *Forte Technical Sales, LLC v. Freescale Semiconductor, Inc.*, this court rejected the notion that claims like those here—for violations of IWSRA—had to be litigated in California.[9]  Because of the forum selection clause, which called for "any litigation" to take place in Texas, the defendant moved to dismiss.[10]  Recognizing the enforceability of the forum selection clause, this court transferred the action to Texas.[11]  *Forte* specifically dismissed the argument FMA raises here—that the assertion of a claim under IWSRA meets California's "strong public policy" exception for overriding a mandatory forum selection clause.[12]  Other than the fact that the forum selection clause in *Forte* called for all litigation in Texas, whereas the clause in the Sales Agreement calls for all litigation in Israel, the case at bar is indistinguishable from *Forte*, and the reasoning of that case mandates enforcement of the forum selection clause at issue here.  That Israel may pose safety concerns different from those in Texas is immaterial, especially when Mars

---

[7] 715 F.3d 276, 280-82 (9th Cir. 2013).

[8] *See Israel Discount Bank v. Schapp*, 505 F. Supp. 2d 651, 659 (C.D. Cal. 2007) ("[N]umerous courts have found Israel to be both an adequate and available alternative forum.  Courts routinely hold that Israel is a proper forum and dismiss cases on the grounds that it would be more appropriate to hear a case in Israel.") (citing *Argoquest v. Israel Discount Bank, Ltd.*, 228 Fed. Appx. 733, 734 (9th Cir. 2007); *Sussman v. Bank of Israel*, 801 F. Supp. 1068 (S.D.N.Y. 1992), *aff'd*, 990 F.2d 71 (2d Cir. 1999) (conditionally dismissed based on forum non conveniens); *J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 37 F. Supp. 2d 186 (E.D.N.Y. 1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999) (dismissed based on forum-selection clause designating Israel)).

[9] Case No. 08-cv-02153, 2008 U.S. Dist. LEXIS 79464 (N.D. Cal. Aug. 26, 2008).

[10] *Id*. at *1-2.

[11] *Id.* at *1, *9.

[12] *Id.* at *6.

4
Case No. 5:14-cv-03668-PSG
ORDER GRANTING MOTION TO DISMISS

has represented that it will stipulate to testimony by video conference should safety truly become an issue.

FMA cites various California and federal cases denying enforcement on public policy grounds.[13] But those cases involved consumer class actions—not commercial litigation between business partners—and circumstances where all of the substantive rights at issue would be waived if the forum selection clause were enforced.  Here, Mars has further consented that all of FMA's rights may be enforced in any Israeli suit, and FMA offers no evidence that an Israeli court would refuse to honor that consent.

## IV.

Mars' motion to dismiss is GRANTED.  The Clerk shall close the file.

**SO ORDERED.**

Dated: December 4, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[13] *See, e.g., Am. Online, Inc. v. Superior Court of Alameda Cnty.*, 90 Cal. App. 4th (2001); *Ramkisson v. AOL, LLC*, 552 F.3d 1077 (9th Cir. 2009).